UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 FEB 23 AM 9:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

TERRY LITTLE,                )
                             )
        Plaintiff,           )
                             )
v.                           )    CV-03-TMP-728-S
                             )
RALPH HOOKS, et.al.,         )
                             )
        Defendants.          )

ENTERED
FEB 24 2004

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on December 15, 2003, recommending plaintiff's claims in this action filed pursuant to 42 U.S.C. § 1983 either be dismissed without prejudice, dismissed with prejudice pursuant to 28 U.S.C. § 1915A, or referred to the magistrate judge for further proceedings. Specifically, the magistrate judge recommended:

(1) the following claims against all defendants be dismissed without prejudice;

    (a) Eighth Amendment inadequate medical care claims requesting injunctive and declaratory relief, and

    (b) Due Process claims regarding fees charged for medical co-payments, telephone calls, and drug screening, and

(2) the following claims against all defendants be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2);

    (a) First Amendment claims regarding interference with and censorship of inmate mail,

    (b) Eighth and Fourteenth Amendment claims regarding body cavity searches,

    (c) Violation of the doctrine of separation of church and state with regard to the Faith dorm and faith based prison initiative programs,

    (d) Eight Amendment claims regarding unsanitary and inadequate food,

    (e) Equal Protection discrimination claims based upon race and religion,

   (f) Verbal abuse perpetrated by corrections officers, and

   (g) First Amendment claims for retaliation in connection with plaintiff's right to seek redress of grievances, and

   (3) the following claims against all defendants be referred to the magistrate judge for further proceedings;

   (a) Eighth and Fourteenth Amendment conditions of confinement claims, the underlying factual basis for said claims being prison overcrowding, inadequate security staff, inadequate heating, plumbing and ventilation, and infestation and disease.

  On January 6, 2004, plaintiff filed general and specific objections (Document #22, at 1-3) to the magistrate judge's report and recommendation. As support for his general objection, plaintiff requests this Court refrain from dismissing any of his claims until such time as an attorney is appointed to represent him and said attorney moves to amend the complaint. *Id.* at 3. Plaintiff's general objection is unpersuasive and to the extent same can be construed as a motion, same is due to be DENIED.

  Plaintiff also objects to the following recommendations made by the magistrate judge: dismissal of his inadequate medical care claims without prejudice, and dismissal of his unsanitary food service, equal protection and interference with inmate mail claims pursuant to 28 U.S.C. § 1915A. Nevertheless, since the objections are neither sworn to or made under penalty of perjury, this Court cannot consider any of the factual allegations contained therein. Further, said objections are vague, general and conclusory, and as such, are insufficient to state a claim pursuant to 28 U.S.C. § 1915A.

  The only legal objection meriting additional discussion is the dismissal of plaintiff's inadequate medical care claims without prejudice. Terry Little is the only named plaintiff in the above-styled action at this time. It is duly noted plaintiff argues class action certification is

appropriate because "this case meet[s] all of the condition[s] and requirements for class action status pursuant to Fed.R.Civ.P.23." (Document #1, at 19). He also requests either the Southern Center for Human Rights in Atlanta, Georgia, or the Southern Poverty Law Center in Montgomery, Alabama, be appointed to represent the unspecified class members. *Id.* The magistrate judge stayed (Document #17) a ruling on these motions until such time as defendants file a special report[1] in connection with the Eighth and Fourteenth Amendment conditions of confinement claims set out in Section 3(a) herein above.

In any event, plaintiff takes issue with the magistrate judge's recommendation that his inadequate medical care claims be dismissed without prejudice, because plaintiff objects to being made a class plaintiff in two pending class action lawsuits pertaining to the health care of Alabama inmates. Those lawsuits are *Michael Gaddis, v. Donal Campbell,* CV 03-T-390-N (seeking adequate medical care for all diabetic inmates within the Alabama Department of Corrections)[2], and *Jerry Baker v. Campbell,* CV 03-C-114-M (proposed class defined as inmates at St. Clair Correctional Facility suffering from serious medical illnesses, and "the class of all present and future inmates who are or will be incarcerated in the St. Clair Correctional Facility and who are in need of medical care.")[3] He also argues that both lawsuits seek only declaratory and injunctive relief, and as such,

> ... these class action[s] would not prevent the federal courts from granting monetary relief in [an] individual 1983 civil complaint, which is what the plaintiff seek[s] in

---

[1] An Order for Special Report (Document #15) was entered on December 5, 2003.

[2] (Document #22, at 4-7).

[3] (Document #1, at 4)).

3

this action. . . .Therefore, plaintiff[']s claims of inadequate medical care, and his demand for monetary relief should not be dismissed in this action.[4]

Any inmate suffering from a serious medical illness or who is in need of medical care at St. Clair Correctional is necessarily a member of the proposed class of St. Clair Correctional Facility inmates for which injunctive and declaratory relief is requested in *Baker*. Thus, to the extent plaintiff's proposed claims pertain to this class of inmates and the relief requested, the inadequate medical care claims in this action are due to be dismissed without prejudice.[5]

Plaintiff now clarifies that he seeks monetary damages for his individual inadequate medical care claims. However, the only factual allegations contained in plaintiff's inadequate medical claims pertaining to himself are as follows:

> [T]he health care provided to inmates 'is characterized by long delays, a shortage of qualified medical personnel, and poor care. As examples, plaintiff states that he "and other prisoners" who receive prescribed medication must stand in lines to obtain their medicine from the "'pill call'" window, only to be told that their medications have not arrived.

Report and Recommendation, (Document #16, at 6-7) (citing Complaint (Document #2, at 6)).

In order to state a constitutional claim pertaining to denial of adequate medical care, a plaintiff must present sufficient factual allegations showing he is suffering from an objectively serious medical need and the named defendants were deliberately indifferent to his serious medical needs. In *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976), "the Supreme Court held that deliberate indifference to serious medical needs is proscribed by the Eighth Amendment's prohibition against

---

[4] (Document #22, at 1). The relevant request for relief in plaintiff's original complaint reads, "Order that plaintiff[']s request for compensatory and punitive judgment damages be granted of $2,500,000.00." (Document #2, at 13).

[5] *Id.* at Document #15.

cruel and unusual punishment." *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). A two-part analysis is employed in determining whether an Eighth Amendment violation has occurred. "First, we must evaluate whether there was evidence of a serious medical need; if so, we must then consider whether [the defendants'] response to that need amounted to deliberate indifference." *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989). The first inquiry is objective; the second inquiry is subjective. *See Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1186 (11th Cir. 1994).

"'[A] "serious" medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d at 1187 (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)). "[T]he medical need of the prisoner need not be life threatening" to be considered "serious." *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988).

The second part of the inquiry -- whether the response of the defendant amounted to deliberate indifference -- is itself a two-part determination. A defendant may be held liable for an Eighth Amendment violation only if he had "knowledge of the [plaintiff's] particular medical condition," *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d at 1191 (emphasis omitted), *and* he acted intentionally or recklessly to deny or to delay "access to medical care" or to interfere "with the treatment once prescribed," *Estelle v. Gamble*, 429 U.S. at 104-05. *See also Mandel v. Doe*, 888 F.2d at 788. *See generally Farmer v. Brennan*, 511 U.S. 825, 833-842 (1994). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct

5

prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Plaintiff's allegation that he stands in long lines at the pill call window only to be told his medication has not yet arrived fails to provide a sufficient factual basis for this Court to conclude he suffers from an objectively serious medical need and defendants intentionally delayed or denied plaintiff proper medical treatment out of deliberate indifference to that medical need. Accordingly, plaintiff has failed to state a claim that he has been denied adequate medical care, and his Eighth Amendment claim is due to be DISMISSED to the extent monetary damages are requested.

As an aside, after the report and recommendation was entered, inmate Alvin Daniels filed a motion (Document #20) requesting permission to intervene as a party plaintiff. Daniels contends that he has an "unconditional right" to intervene because he is an inmate at St. Clair Correctional Facility, suffers from the same unspecified medical ailments as plaintiff, and also has been denied unspecified medical treatment by defendants. *Id.* at 1. Additionally, inmate Daniels declares that he is acting as plaintiff's legal assistant in this action, and should therefore be permitted to intervene. *Id.* at 1-2. Inmate Daniels' motion (Document #20) is due to be DENIED.

Thus, after a careful de novo review of plaintiff claims, the magistrate judge's report and recommendation, and the objections thereto, this Court is of the opinion the magistrate judge's report and recommendation is due to be and is hereby ADOPTED and his recommendation is ACCEPTED, except that same shall be AMENDED to dismiss plaintiff's inadequate medical care claims to the extent plaintiff requests monetary damages.

Accordingly, the following claims against all defendants are due to be DISMISSED WITHOUT PREJUDICE:

6

   (1) Due Process claims regarding fees charged for medical co-payments, telephone calls, and drug screening, and

   (2) Eighth Amendment inadequate medical care claims requesting injunctive relief.

Additionally, the following claims against all defendants are due to be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2):

   (1) First Amendment claims regarding interference with and censorship of inmate mail,

   (2) Eighth and Fourteenth Amendment claims regarding body cavity searches,

   (3) Violation of the doctrine of separation of church and state with regard to the Faith dorm and faith based prison initiative programs,

   (4) Eight Amendment claims regarding unsanitary and inadequate food,

   (5) Equal Protection discrimination claims based upon race and religion,

   (6) Verbal abuse perpetrated by corrections officers,

   (7) First Amendment claims for retaliation in connection with plaintiff's right to seek redress of grievances, and

   (8) Eighth Amendment inadequate medical care claims to the extent plaintiff requests monetary relief.

Finally, the following claims are due to be REFERRED to the magistrate judge for further proceedings:

   (1) Eighth and Fourteenth Amendment conditions of confinement claims with the underlying factual basis for said claims being prison overcrowding, inadequate security staff, inadequate heating, plumbing and ventilation, and infestation and disease against defendants Riley, Campbell, Siegelman, Haley, and Hooks.

The Clerk is DIRECTED to serve a copy of this Order upon plaintiff and Alvin Daniels.

An appropriate Order will be entered.

DATED this 23rd day of February, 2004.

_____
United States District Judge